IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH TONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-565-WHA-CSC |
| | ) |
| NANCY COLLIER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  Introduction**

Plaintiff Kenneth Toney, an inmate at the Autauga Metro Jail in Prattville, Alabama, filed this pro se complaint for damages on September 22, 2022, using this Court's standard form for actions brought under 42 U.S.C. § 1983.[1]  Doc. 1.  Plaintiff names as defendants District Court Judge Joy Booth, Charlotte Griffith, Clerk/Magistrate of the Prattville Municipal Court, and Nancy Collier, an investigator employed by the Prattville Police Department.  *Id*.  After review and consideration of Plaintiff's filing, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED for the reasons set forth below.

---

[1] While Plaintiff also requests his immediate release from detention, a challenge to the fact or duration of his confinement is more appropriately filed in an application for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 1973.

## II. Standard of Review

Because the Court granted Plaintiff leave to proceed *in forma pauperis* (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a complaint or any portion thereof when it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event as soon as practicable after docketing, … .").

## III. Discussion

### A. Judge Joy Booth

Joy Booth is a judge on the Autauga County District Court. Plaintiff bases his § 1983 claims against Judge Booth on the principal allegation that she signed warrants for his arrest which failed to designate the place where the charged offenses occurred. Doc. 1

at 4. Claiming that Judge Booth failed to reply to his motion to dismiss to correct this injustice and also presided over his preliminary hearing, Plaintiff alleges she is not impartial to his cases. *Id*. *Id*. Because Plaintiff's allegations against Judge Booth concern actions taken in her role as judicial officer over his district court criminal proceedings, they are subject to dismissal on the basis of judicial immunity. *See Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) (applying judicial immunity in § 1983 proceeding).

Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies regardless of whether a judge's action was in error, was done maliciously, or was taken in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (holding that judicial immunity is not overcome by allegations of bad faith or malice). Judicial immunity may be overcome only if a judge acts outside the judicial capacity or takes action in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

None of Plaintiff's allegations against Judge Booth suggest any actions taken outside of her ordinary judicial capacity. To the contrary, Plaintiff's allegations reflect that all actions were taken as part of normal state court proceedings over which jurisdiction existed. *See Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356 (finding that judge was

3

entitled to immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges the action was erroneous, malicious, or without authority).

Judicial immunity extends its protection to requests for declaratory and injunctive relief as well. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. *See* 42 U.S.C. § 1983. In addition, there must also be an 'absence of an adequate remedy at law." *Id.* (quotation marks and citations omitted). Therefore, to the extent Plaintiff requests declaratory or injunctive relief against Judge Booth, such relief is improper because there is no allegation that Judge Booth violated a declaratory decree, and Plaintiff's ability to appeal challenged rulings and decisions to an appropriate higher court provides him an adequate remedy at law. *See id.*

Because the doctrine of judicial immunity serves as an absolute bar, all of Plaintiff's claims against Judge Booth are due to be dismissed under § 1915(e)(2)(B). *Clark*, 915 F.2d at 640 n.2 (citing *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that parole board members entitled to absolute quasi-judicial immunity from suit for damages)); *see also Pugh v. Balish*, 564 F. App'x 1010, 1012 (11th Cir. 2014) (affirming frivolity dismissal of plaintiff's claims and noting, "[w]here a judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis.").

### B.      Municipal Court Clerk Charlotte Griffith

Plaintiff alleges that Griffith violated his constitutional rights on February 15, 2022, by signing warrants for his arrest which failed to specify where the charged offenses occurred. Doc. 1 at 4. It is clear that Griffith's official action in signing warrants is part of her duties as a municipal court clerk. "Judges have absolute immunity from civil actions for the performance of judicial acts as long as they are not done in the clear absence of jurisdiction." *See Jenkins v. Clerk of Ct.*, 150 F. App'x. 988, 990 (11th Cir. 2005) (citing *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)). In other words, a municipal court judge is entitled to absolute immunity from damages for actions taken in his official capacity, "even when his actions are allegedly erroneous, malicious, or in excess of his jurisdiction." *Wuyisa v. City of Miami Beach*, 614 F. App'x. 389, 392 (11th Cir. 2015) (*citing Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). While "[c]ourt clerks enjoy a narrower ambit of immunity than judges, *Hyland*, 267 F. App'x at 842 (quotation marks and citation omitted), "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." *Jenkins*, 150 F. App'x at 990. And while court clerks are not entitled to absolute immunity from claims for equitable relief, they do "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981); *see also Roland*, 19 F.3d at 556 n.4) (explaining that when a court official "acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious"); *Foster v. Walsh*, 864 F.2d 416 (6th Cir. 1988) (clerk of municipal court who issued erroneous bench warrant was absolutely immune from liability).

Absolute immunity also bars claims for injunctive relief brought against "a judicial officer for an act or omission taken in such officer's judicial capacity" except in limited circumstances; "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Judicial officers also are not absolutely immune from suits for declaratory relief if the plaintiff establishes a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin*, 225 F.3d at 1242.

The actions about which Plaintiff complains stems from Griffith carrying out duties associated with her position as Clerk for the Municipal Court of Prattville, Alabama. This conduct falls within the scope of the Clerk/Magistrate duties which are an integral part of the judicial process for which she has absolute immunity. *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983). To the extent Plaintiff seeks declaratory relief against Griffith, he must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *Bolin*, 225 F.3d at 1242. Plaintiff has not indicated that Griffith violated any declaratory decree nor—to the extent declaratory relief is available—has he made the requisite showing under *Bolin* of entitlement to such relief by showing an absence of an adequate remedy at law. Consequently, Plaintiff's claims against Griffith are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii & iii).

C.  **Investigator Collier**

Plaintiff alleges Collier, the complainant who signed the challenged warrants, failed to identify the location where the charged offenses occurred and lied under oath at his

6

preliminary hearing when she testified that the incidents occurred in Autauga County, Alabama, despite not having stated as much in the depositions filed for the purpose of securing warrants. Doc. 1 at 3–4. Plaintiff asserts a claim for "malicious intent to falsely imprison/unlawfully detain Plaintiff" based on the conduct described. *Id.* at 3.

Public records from the Alabama Trial Court System[2] reflect Collier signed depositions in the District Court for Autauga County on February 15, 2022, to obtain warrants against Plaintiff for First Degree Stalking/Second Degree Domestic Violence (DC-22-348) and Terrorist Threats (DC-22-349).[3] *See Keith v. DeKalb Cnty. Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (noting that "[w]e take judicial notice of [the state's] Online Judicial System.") (*citing* Fed. R. Evid. 201). The same records show that the depositions for these offenses contain redacted information. *Id.* Specifically, the documents redacted Plaintiff's personal identifying information and the place of occurrence for the charged offenses. *Id.* The Court takes judicial notice of these public records. *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) (noting that "[a] district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records.") (*citing* Fed. R. Evid. 20(b)); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)).

---

[2] Hosted at www.alacourt.com (last visited November 30, 2022).

[3] Copies of the depositions, obtained from the public records maintained on the Alabama Trial Court System, are attached to this Recommendation.

"A Fourth Amendment violation involving [a warrant-based seizure] occurs when legal process itself goes wrong—when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements." *See Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citation and internal quotations omitted). "To prevail on his Fourth Amendment claim, [Plaintiff] must establish that the legal process justifying his seizure—the arrest warrant[s] that listed [the charges for First Degree Stalking/Second Degree Domestic Violence and Terrorist Threats]—w[ere] constitutionally infirm and that his seizure would not otherwise be justified without legal process." *Id*. at 1165. Plaintiff "can prove that his arrest warrant was constitutionally infirm if he establishes either that the officer who applied for the warrant should have known that his application failed to establish probable cause [] or that an official . . . intentionally or recklessly made misstatements or omissions necessary to support the warrant[.]" *Id*. (citations omitted).

Here, Plaintiff has not adequately alleged that the legal process justifying his seizure was constitutionally infirm. Plaintiff's assertion that Collier failed to identify in the written depositions where the charged offenses occurred and subsequently testified falsely at his preliminary hearing that the offenses occurred in Autauga County stems from a misunderstanding or misreading of the written depositions used to secure the challenged warrants and which contain redacted location information.  Consequently, and without more, "the judicial officer who approved the [warrants] had sufficient information to find probable cause. *See Aguirre*, 965 F.3d at 1163; *see also Paez v. Mulvey*, 915 F.3d 1276, 1288 (11th Cir. 2019) (finding no Fourth Amendment violation where, "[a]fter reviewing

8

all of the relevant information—what was included and what was omitted [in the affidavit]—there [] was probable cause to believe [the plaintiff] . . . had [committed the offenses]"). Because Plaintiff has not adequately alleged that Collier violated his Fourth Amendment rights, his claims against her are due to be dismissed for failure to state a claim.

## IV.   Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS as follows:

1. Plaintiff's 42 U.S.C. § 1983 claims against Judge Joy Booth and Charlotte Griffith be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

2. Plaintiff's claims against Investigator Collier be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is ORDERED that by **December 15, 2022**, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any

subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 1st day of December 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

| State of Alabama Unified Judicial System<br>Form CR-57 (front)   Rev.8/98 | **DEPOSITION** | Warrant/Summons Number<br>DC-22-348<br>Case Number<br>220214022 |
|---|---|---|

IN THE ___District___ COURT OF ___Autauga___, ALABAMA
(Circuit, District, or Municipal)        (Name of Municipality or County)

☑ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. ___Kenneth John Toney___
                                           Defendant

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED**

Name of Accused (or Alias): Kenneth John Toney      Telephone Number:

Social Security Number | Driver's License Number | Date of Birth | Age | Race | Sex

Address of Employer | City | State | Zip Code

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE**

Offense: Stalking 1st Degree/ Domestic Violence 2nd
Date and Time of Offense: 02/14/2022 0830
Place of Occurrence: ▓▓▓▓▓▓▓▓
Person Attacked or Property Damaged: ▓▓▓▓▓▓▓▓
How Attacked: voice, social media

FILED
APR 13 2022
DEBRA HILL
CIRCUIT CLERK

Was accused under the influence of alcohol or a controlled substance? ☐ Yes ☑ No
Any law enforcement agency contacted? ☑ Yes ☐ No
If yes, which one? Prattville Police Department
Did Accused Possess or Use a Weapon? ☑ Yes ☐ No    Types: gun threatened
Did you go to the hospital? ☐ Yes ☑ No
Damage Done or Injuries Received: _____
Value of Property: _____
Details of Offense: Documentation of the events of the stalking began on 02/10/2022 that we have documented in our system showing that Kenneth John Toney has made threats to come to her place of employment. Rhonda Toney, estranged wife, recieved texts that Kenneth John Toney was coming to ▓▓▓▓▓▓ to kill his estranged wife. He posted on Facebook that he was going to kill Rhonda Toney. Kenneth Toney called the police department advising that he was going to kill Rhonda Toney. The threat is viable and believed based on past activity reported that Kenneth John Toney has the means to carry out the treat he has made toward Rhonda Toney.

☐ Check if additional pages are necessary.

11

| Form CR-57 (back)  Rev.8/98 | DEPOSITION |
|---|---|

Any Law Enforcement Agency Contacted? ☑ Yes ☐ No
If yes, which one? Prattville Police Department

I make this statement for the purpose of securing a WARRANT/SUMMONS against the named of accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in the proceeding.

Sworn to and Subscribed before me this

_4th_ day of _February, 2022_

_____
Judge/Clerk/Magistrate

Nancy Collier 042
Complainant

Social Security Number

201 Gin Shop Hill Rd Prattville AL 36067
Address

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |

## MAGISTRATE NOTES

Warrant or Summons issued? ☐ Yes ☐ No        Warrant Number: _____

| State of Alabama Unified Judicial System Form CR-57 (front) Rev.8/98 | **DEPOSITION** | Warrant/Summons Number DC-22-349 |
|---|---|---|
| | | Case Number 220214021 |

IN THE ___District___ COURT OF ___Autauga___, ALABAMA
(Circuit, District, or Municipal) (Name of Municipality or County)

☑ STATE OF ALABAMA
☐ MUNICIPALITY OF _____ v. Kenneth John Toney
Defendant

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE ACCUSED**

Name of Accused (or Alias): Kenneth John Toney     Telephone Number: 

Address of Employer | City | State | Zip Code

**INSTRUCTIONS: COMPLETE THE FOLLOWING INFORMATION ON THE OFFENSE**

Offense: Terrorist threats
Date and Time of Offense: 02/14/2022 0630
Place of Occurrence: ▮▮▮▮
Person Attacked or Property Damaged: _____
How Attacked: _____

Was accused under the influence of alcohol or a controlled substance? ☑ Yes ☐ No
Any law enforcement agency contacted? ☑ Yes ☐ No
If yes, which one? Prattville Police Department
Did Accused Possess or Use a Weapon? ☑ Yes ☐ No    Types: _____

FILED
APR 13 2022
DEBRA HILL
CIRCUIT CLERK

Did you go to the hospital? ☐ Yes ☑ No
Damage Done or Injuries Received: _____
Value of Property: _____
Details of Offense: Kenneth Toney had been calling the Kindercare because his estranged wife refused to communicate with him. He sent a message to the day care through a message board stating that he was planning on killing Rhonda Toney and if she was found there he would have no choice but to risk lives of children to get to her. Police officers had to sit at the ▮▮▮ to ensure that Kenneth Toney would not arrive and carry out the threats made. Kenneth Toney called the Prattville Police Department stating to Sgt. Amos that he was coming to kill Rhonda at the daycare. The day care had to hire a private security company to protect the occupants of the business that include children.

☐ Check if additional pages are necessary.

| Form CR-57 (back) Rev.8/98 | DEPOSITION |
|---|---|

Any Law Enforcement Agency Contacted? ☑ Yes ☐ No
If yes, which one? __Prattville Police Department__

I make this statement for the purpose of securing a WARRANT/SUMMONS against the named of accused. I understand that I am instituting a criminal proceeding and cannot dismiss this case. I further understand that if any of the foregoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in the proceeding.

Sworn to and Subscribed before me this

_15_ day of _February_ _2022_

_Charlotte Gardner_
Judge/Clerk/Magistrate

Nancy Collier 042
Complainant

Social Security Number

201 Gin Shop Hill Rd Prattville AL 36067
Address

## WITNESSES

| Name | Address | Telephone Number |
|---|---|---|
| | | |

## MAGISTRATE NOTES

Warrant or Summons issued? ☐ Yes ☐ No        Warrant Number: _____